IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03249-BNB

JAMIE R. WILLIAMS

    Plaintiff,

v.

LT. MARTIN,
LT. WILCOX,
CORRECTIONAL OFFICER "ROY,"
CORRECTIONAL OFFICER "GABBY,"
CORRECTIONAL OFFICER "VALVERDE,"
CORRECTIONAL OFFICER "THOMPSON,"
CORRECTIONAL OFFICER "MARQUEZ," and
CORRECTIONAL OFFICER "YENTER,"

    Defendants.

---

SECOND ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Jamie R. Williams, is a federal prisoner incarcerated at the United States Penitentiary, Florence High, in Florence, Colorado. He initiated this action by filing *pro se* an affidavit alleging that his constitutional rights were violated. The Court determined that the affidavit was deficient and directed Mr. Williams to submit his claims on the court-approved form, which he did on January 9, 2014 (ECF No. 7). On January 17, 2014, the Court reviewed the Prisoner Complaint, and ordered Mr. Williams to file an amended prisoner complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations

(ECF No. 10).  The Court directed Mr. Williams to use the court-approved form for filing an amended prisoner complaint; to provide the full addresses for each named defendant; to sign and date the declaration under penalty of perjury in the complaint; and to comply with Rule 10.1 of the Local Rules of Practice for this Court regarding format and legibility.  (Id.)  Finally, the Court warned Plaintiff that it would not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended prisoner complaint.  (Id.)  On February 4, 2014, Mr. Williams submitted a document titled "Amendent [sic] Complaint" (ECF No. 11).

The Amended Complaint does not comply with the court's January 17, 2014 Order.  For one thing, the local rules of practice require *pro se* prisoners to "use the forms and procedures posted on the court's website."  D.C.COLO.LCivR 5.1(c).  Moreover, Mr. Williams may not file an amended complaint in separate pieces; the amended prisoner complaint must be one complete document that consists of all of the pages of the court approved Prisoner Complaint form.

In addition, the court has reviewed the Amended Complaint and finds that Mr. Williams' allegations do not assert how all named parties violated his constitutional rights.  Specifically, there are no allegations against Defendants Thompson, Marquez, and Yenter.  Moreover, Mr. Williams asserts claims against Nurse Ovary in the body of the Amended Complaint but does not list her as a party in the caption.  Plaintiff must provide all the names of the defendants he intends to sue in the caption, and he must state specific facts in the body of the amended prisoner complaint to show that each defendant was personally involved in a deprivation of Plaintiff's constitutional rights.

Mr. Williams will be given one more opportunity to file an amended prisoner complaint on the court-approved Prisoner Complaint form that complies with the court's January 17, 2014 Order.  For each claim Mr. Williams asserts in the amended complaint, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).  In other words, Mr. Williams must make clear in the amended complaint what specific claim or claims he is asserting against each named Defendant, what specific constitutional rights allegedly have been violated, and how each named Defendant personally participated in the asserted constitutional violations. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, the Court directs Mr. Williams to file a second amended prisoner complaint on a court-approved form that alleges the personal participation of each defendant listed in the caption of the complaint and clarifies against whom Mr. Williams is alleging the claims.  Accordingly, it is

ORDERED that Plaintiff, Jamie R. Williams, shall have **thirty (30) days from the date of this order** to file an amended prisoner complaint using the court-approved Prisoner Complaint form that complies with the directives in this Order and the Court's January 17, 2014 Order.  It is

FURTHER ORDERED that Mr. Williams shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Williams fails to file an amended prisoner complaint that complies with this Order and the Court's January 17, 2014 Order within the time allowed, some of the claims and defendants in this action will be dismissed without further notice.

DATED February 6, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge