## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 13‒cv‒03249‒RM‒CBS

JAMIE WILLIAMS,

    Plaintiff,

v.

LT. WILCOX,
LT. MARTIN,
MARQUEZ,
THOMPSON,
ROY,
YENTER,
VALVERDE, and
GABBY,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") (ECF No. 47) where Magistrate Judge Craig B. Shaffer recommended that Defendant Wilcox's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (the "Motion") (ECF No. 24) be granted and that all Defendants and Plaintiff's action be dismissed without prejudice based on failure to exhaust administrative remedies. Plaintiff timely filed "Plaintiff's Objection to the Magistrate Report and Recommendation" (the "Objection") (ECF No. 48), to which Defendant Wilcox filed "Lt. Wilcox's Response to Objections to the Recommendation of the United States Magistrate Judge" (the "Response") (ECF No. 49). Upon consideration of the Recommendation, the Motion, the Objection, the Response, the relevant portions of the Court file, and the applicable rules and case

law, and being otherwise fully advised, and for the reasons stated herein, the Court OVERRULES the Objection, MODIFIES the Recommendation, ACCEPTS the Recommendation as modified herein, and DISMISSES this action WITHOUT PREJUDICE.

**I.     LEGAL STANDARD**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "'district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569-70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one–sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). Once the moving party meets his initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the non-moving party to move beyond the pleadings and to designate evidence which demonstrates the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. In considering whether summary judgment is appropriate, the facts must be considered in a light most favorable to the non-moving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

"Article III limits a federal court's jurisdiction to 'cases and controversies.' U.S. Const. art III, § 2. … The 'case or controversy' requirement applies at all stages of review. ... As such, mootness is a threshold issue of jurisdiction which this Court may raise *sua sponte*." *Colorado Off Highway Vehicle Coalition v. U.S. Forest Serv.*, 357 F.3d 1130, 1133 (10th Cir. 2004); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte.") "When a prisoner files suit against

prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system, courts are presented with a question of possible mootness." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) (citations omitted). "Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief." *Id.* "Consequently, courts have routinely dismissed such penitentiary-specific conditions-of-confinement claims as moot." *Id.* (citations omitted).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff did not object to any of the Magistrate Judge's factual findings; therefore, the Court adopts and incorporates the factual recitations included within the Recommendation as if set forth herein, *except* as to the then – and current – location of Plaintiff, as discussed below. To the extent any additional facts are necessary for the Court's resolution of this matter or for context, such facts are included below.

As fully set forth in the Recommendation, at the time the events complained of, Plaintiff was incarcerated at the United States Penitentiary in Florence, Colorado. While in Florence, Defendants allegedly used excessive force against Plaintiff in violation of the Eight Amendment. In addition, "Medical Staff Ovary" (who is not named as a defendant) allegedly denied Plaintiff medical care. (ECF No. 20, page 7.) These events allegedly occurred on November 2 and 3, 2013. (ECF No. 20, pages 6, 8.) On November 27, 2013, Plaintiff brought this action based on the alleged used of excessive force, requesting monetary and injunctive relief (Plaintiff seeks an

order that he be seen by a medical professional for his physical health) against Defendants, specifically named individuals at the Florence facility. (ECF No. 20, page 10.) Sometime after Plaintiff filed this action, Plaintiff was transferred from Florence, Colorado to Lewisburg, Pennsylvania.[1] (ECF Nos. 39, 40.)

Defendant Wilcox filed his Motion under Fed. R. Civ. P. 56, seeking dismissal of Plaintiff's complaint for failure to properly exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff filed five administrative remedies but, in his operative complaint,[2] Plaintiff admitted that, as of that date, he had not exhausted available administrative remedies. (ECF No. 20, page 9.) Similarly, Plaintiff's response to Defendant Wilcox's Motion did not dispute that he did not complete his administrative remedies before filing his lawsuit. (ECF No. 41.) Based on the undisputed evidence in the record and applicable law, the Magistrate Judge found Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit and, accordingly, recommended dismissal of this action without prejudice. Plaintiff's Objection is based solely on the argument that he has now – *after* his lawsuit was filed – exhausted his administrative remedies on at least three of the five administrative remedies he filed. Plaintiff's submissions to support exhaustion are dated June 24, 2014 and May 1, 2014. (ECF No. 48, pages 4, 6, 11.)

---

[1] The Recommendation, issued October 28, 2014, states Plaintiff "is currently" incarcerated in Florence. (ECF No. 47, page 2.) The record shows that Plaintiff was transferred to Pennsylvania sometime prior to June 3, 3014. (ECF Nos. 38-40.)

[2] Plaintiff initiated this action by filing an "Affidavit" (ECF No. 1) and thereafter essentially filed four complaints (ECF Nos. 7, 11, 20, 27), but the last complaint was filed without request for leave to amend or any order allowing leave to amend. (*See* Dkt.) Defendants referenced more than one of Plaintiff's complaints in their Motion (ECF No. 35, page 3), but the Recommendation relied on Plaintiff's allegations as set forth in his last authorized complaint, ECF No. 20, to which Plaintiff did not object.

## III. DISCUSSION

Before examining the exhaustion issue, the Court first addresses mootness, a threshold issue of jurisdiction which it may raise *sua sponte*. *Colorado Off Highway Vehicle Coalition,* 357 F.3d at 1133. In this case, Plaintiff has been transferred from Florence to another prison in another state; therefore, any claims for injunctive relief against Defendant Wilcox (or any other Defendant at Florence) are moot as the Court is unable to grant Plaintiff any effectual relief. Plaintiff is no longer subjected to the denial of any medical care by Defendant Wilcox, any other Defendant, at Florence. Concomitantly, Defendant Wilcox is unable to provide Plaintiff any medical care. Accordingly, any claims for injunctive relief are therefore dismissed as moot.

Next, on the issue of exhaustion,[3] Plaintiff objects on the basis that, *after* he filed his complaint, he exhausted his administrative remedies on three of the administrative remedies which relate to the claims at issue. That objection will be addressed below. The Court has reviewed the remainder of the Recommendation on the issue of exhaustion, and has concluded that Magistrate Judge Shaffer's analysis was thorough and sound, and that there was no clear error of law or abuse of discretion. Thus, the portions of the Recommendation that were not objected to – that Plaintiff did not exhaust his remedies *prior* to filing his complaint – are hereby adopted.

Finally, Plaintiff's objection based on his exhaustion of remedies after this lawsuit was filed cannot be sustained as the law is clear that this will not save his action from dismissal. Specifically, under the PLRA, "a prisoner must exhaust his administrative remedies *prior* to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (emphasis added); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir.

---

[3] As to the remaining claims based on the alleged use of excessive force. However, the determination that Plaintiff failed to exhaust his administrative remedies would apply equally to any dismissed claim for injunctive relief.

2007).  "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient."  *Fields v. Okla. State Penitentiary*, 511 F.3d at 1112.  "Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency."  *Ruppert v. Aragon*, No. 11-2144, 448 F. App'x 862, 863 (10th Cir. Feb. 9, 2012) (emphasis in original) (citations omitted).  It matters not that the administrative review process was completed during the pendency of the lawsuit, before the case was ripe for a decision.  *See id.* (affirming the district court's decision, which adopted the magistrate's recommendation that dismissal was required even though the administrative review process had been completed by the time the case was ripe for decision).  Instead, what matters is whether the process was completed prior to the filing of the suit.  *See id.*  Accordingly, Plaintiff's argument that the Recommendation was in error based on the assertion that three of his administrative remedies were completed after suit was filed cannot be sustained.  Plaintiff's Objection is therefore overruled.

**IV.   CONCLUSION**

Based on the foregoing, it is ORDERED

(1) That Plaintiff's claims seeking injunctive relief are dismissed without prejudice as MOOT as to all Defendants;

(2) That Plaintiff's Objection to the Magistrate Report and Recommendation (ECF No. 48) is OVERRULED;

(3) That the Recommendation of United States Magistrate Judge (ECF No. 47), as MODIFIED herein, is ACCEPTED;

(4) That Defendant Wilcox's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 35) is GRANTED for the reasons stated herein;

(5) That the remaining claims against all Defendants are dismissed without prejudice for failure to exhaust administrative remedies; and

(6) That, there being no remaining claims or Defendants, the Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff in accordance with this Order.

DATED this 17th day of August, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge